UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
TELEPHONE (410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 24, 2025

LETTER TO COUNSEL

RE: Gina S. v. Kijakazi
Civil No.: 22-2775-MBAH

Dear Counsel:

Plaintiff's attorney, Arjun Kuncham Murahari of Mignini Raab, Demuth & Murahari, LLP, has filed a motion requesting attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before the Court. ECF 19. In response, the Social Security Administration ("SSA") asked the Court to consider whether the requested amount constitutes a reasonable fee. ECF 20. No reply was filed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On October 28, 2022, Plaintiff, represented by Mr. Murahari, petitioned the Court to review the SSA's final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. On June 6, 2023, the Commissioner filed a consent motion to remand this case under sentence four of Section 205(g) of the Social Security Act. ECF 14 (citing 42 U.S.C. § 405(g)). The motion was granted, and the case was remanded to the SSA pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF 15. Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Mr. Murahari sought and received an award of $2,361.82 in fees for 9.75 hours worked on Plaintiff's case in federal court. ECF 16, 17 & 18.

Plaintiff subsequently received a favorable decision and was awarded past due benefits in the amount of $104,301.70. ECF 19. Mr. Murahari now requests $26,075.42 in attorney's fees, which is twenty-five percent of the past-due benefits awarded to Plaintiff. *Id*. Mr. Murahari also agrees to reimburse Plaintiff the $2,361.82 in fees he received under EAJA. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the

representative achieved." *Id*. at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id*. Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge. *Id*.

In this case, Plaintiff and Mr. Murahari's law firm, Mignini Raab, Demuth & Murahari, LLP, entered into a contingent fee agreement, by which Plaintiff agreed to pay the firm twenty-five percent of all retroactive benefits to which he might become entitled. ECF 16-5. In the previous motion for attorney's fees pursuant to EAJA, Mr. Murahari submitted an itemized report documenting 9.75 hours billed in Plaintiff's case before the Court. ECF 16-6. If Mr. Murahari receives the full amount of fees requested here, his fees for representation before the Court will effectively be $2,674.40 per hour. Mr. Murahari must therefore show this hourly rate is reasonable for the services they rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Murahari has "been practicing Social Security law since June 15, 2011." ECF 16-6, at 2. And his regular hourly rate is $350.00. *Id*. The requested fee of $2,674.40 per hour here is more than seven times his regular hourly rate. Although courts often approve rates much higher than normal in Social Security cases, *see Trenton A. v. Comm'r, Soc. Sec. Admin*., No. JMC-19-1568, 2022 WL 7099730, at *2 (D. Md. Jan. 27, 2022), the requested rate in this case exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals. Not long ago, the Court recognized that "[h]ourly rates exceeding $1,000 are the exception, not the rule." *Willie B. v. Comm'r, Soc. Sec. Admin*., No. SAG-20-2973, 2023 WL 3950112, at *2 (D. Md. June 12, 2023) (finding that an effective rate of $1,231.78 per hour was unreasonable). While the Court recognizes Mr. Murahari's effective performance and the substantial past-due benefit awarded to his client, Mr. Murahari's request of $2,674.40 per hour for 9.75 hours in this case would result in a windfall. *See Everlena G. v. Comm'r, Soc. Sec. Admin*., No. SAG-20-00784, 2023 WL 424427, at *1 (D. Md. Jan. 26, 2023) (finding an effective rate of $1,284.65 "would result in a windfall"). Instead, the Court concludes that an award of $11,700.00, amounting to an hourly rate of $1,200.00—more than triple his regular hourly rate—would adequately compensate Mr. Murahari for the time spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin*., Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with similar experience).

For the reasons set forth herein, the Court GRANTS IN PART and DENIES IN PART the request for attorney's fees, ECF 22. The Court will award attorney's fees in the amount of $11,700.00, and Mr. Murahari should reimburse to Plaintiff the $2,361.82 in fees he received under EAJA.

*Gina S. v. Kijakazi*
Civil No.: 22-2775-MBAH
September 24, 2025
Page 3

      Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly. An implementing order follows.

                                          Sincerely,

                                          /s/

                                        Charles D. Austin
                                        United States Magistrate Judge